VAN ALSTINE et al. v. STANDARD LIGHT, HEAT & POWER CO. OF UNADILLA.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ELECTRIC WIRES—MISTAKE IN ORDER.

Decedent, while repairing defendant's electric wires, telephoned to the power house to shut off the power. He had difficulty in talking with the power house, and his message was repeated by a telephone operator, who testified that she said, "Shut off the power after 10 minutes." The man in charge of the power house understood the message to be to shut off the power "for 10 minutes." He shut off the power for 15 minutes, then turned it on, and decedent, who was then repairing the wires, received injuries causing his death. *Held* that, there being a misunderstanding as to the message for which defendant was not responsible, and which might have happened had there been a rule as to turning on the power, it was not liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 163.]

2. APPEAL—PRESENTATION OF ISSUE IN LOWER COURT—NEGLIGENCE.

Questions as to whether defendant's failure to promulgate certain rules for the protection of its servants, constituted negligence, not being submitted to the jury in the trial of a case, cannot be considered on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1079, 1018.]

3. TRIAL—VERDICT—FAILURE TO FOLLOW INSTRUCTIONS.

A verdict opposed to the law as laid down by the court without exception cannot be sustained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 790.]

Kellogg, J., dissenting.

Appeal from Trial Term, Broome County.

Action by Susie J. Van Alstine and Diar Baker, as administrators, etc., of Orson A. Van Alstine, deceased, against the Standard Light, Heat & Power Company of Unadilla. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Frank·Stewart, for appellant.

William F. Van Cleve, for respondent.

CHESTER, J.   The plaintiff has recovered a judgment against the defendant for its alleged negligence in causing the death of plaintiff's intestate, who was a lineman in its employ.   The defendant is engaged in furnishing electric lights, heat, and power to the villages of Unadilla, Sidney, and Bainbridge.   Its power house is about one mile above Sidney.   Its wires run from the power house to Bainbridge, about six miles distant in one direction, and to Unadilla, about four miles distant in an opposite direction, as well as to Sidney.   On October 7, 1902, the plaintiff's decedent was directed by the defendant to go to Bainbridge and make certain repairs on some of its wires.   Upon arriving there he went to the telephone exchange conducted by the Union Telephone Company and requested the operator there to telephone to the power house to shut off the power as he was ready to go to work. There was some difficulty in talking with the power house, and the message had to be repeated through the operator ·at Sidney.   She testified that the message she repeated to the power house was, "Shut off the power after 10 minutes," and the answer she got was, "All right," which answer she repeated to the operator at Bainbridge.   She testified that she had trouble to make the man at the power house understand.   When the answer, "All right," was received by the Bainbridge operator, the decedent left the office and went to the pole to work.   This was about 25 feet high.   He was seen upon the pole, near the top, shortly after, fixing the wires.   While he was so at work a flash of light was seen over the wires, and decedent threw up his hands and fell back to the ground.   He was rendered unconscious, and without gaining consciousness died the same day.

The man employed by the defendant at the power house, whose duty it was to shut off and turn on the current there, testified:

"The message, as I understood, was to take off the power for 10 minutes.   I did not understand the message when I first received it.   I asked her [the operator at Sidney], 'For ten minutes?'   and she said, 'Yes.'   * * *   I said, 'All right.' "

He further testified that he shut off the power for 15 minutes, instead of 10, and then put it on, and saw something was wrong, and took it off again.

It is evident, from the testimony of the operators who transmitted the message and from the testimony of the man at the power house who received it, all of whom were sworn for the plaintiffs, that there was a clear misunderstanding of the message.   While there is a conflict between the testimony of the man at the power house and the one transmitting the message as to what it was, there is no conflict over the question that there was a misunderstanding between them.   The court charged the jury, that if they believed "the proximate cause of the accident was a misunderstanding, which occurred by reason of the imperfect working of the telephone at the time in question, the defendant

would not be responsible," and also that, if the jury believed "the message which Van Alstine sent did not reach the power house in the language which he claims to have sent it, the defendant is not liable." That being the law of the case as laid down by the court, without exception by the plaintiff's counsel, the verdict rendered is clearly against the law, because the evidence is clear and undisputed that there was a misunderstanding.

It is evident, too, that the man at the power house was not careless in doing what he did. He was not told for what purpose the power was to be shut off, and he did just what he understood he was told to do, and took the precaution to leave the power off five minutes more than he was requested. It is also manifest that, if there was any carelessness in the transmission of the message to the man at the power house, it was the negligence of the telephone company, and not of the defendant. It is claimed, however, that the defendant was negligent in not promulgating such proper and suitable rules for the conduct of its business as would have prevented the turning on of the power while the decedent was working on the lines; but no such question as that was submitted to the jury for determination and consequently it is not here for review. The only statement made by the court to the jury on that subject was to charge them, at the request of the defendant's counsel and without exception by plaintiff's counsel, "that no negligence can be predicated on a failure to promulgate a rule that the power should not be turned on while the lineman is working on the line, as an employer is not obliged to promulgate a rule forbidding its employés from doing an act which would necessarily and obviously result in injury to another employé." If the jury based their verdict upon the defendant's failure to promulgate such a rule, it could not stand, because it was clearly against the law laid down by the court, without exception, for their direction.

In still a further respect the verdict appears to be against the law of the case as charged by the court, without exception, for the jury were instructed "that negligence cannot be imputed to the defendant, where it appears that the accident resulted through a misunderstanding which might have happened even if there had been a rule."

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

PARKER, P. J., concurs. SMITH and COCHRANE, JJ., concur in result. KELLOGG, J., dissents.